## MAHOGANY ASSOCIATES, Plaintiff

v.

## PARAGON INVESTORS, INC. and JAMES LEBLOW & RICHARD JAMES, Defendants

Civil No. 1066/1980

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

November 12, 1981

■■■■■■■■■■■■■■■■■■■■■■■■■■

TODD H. NEWMAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

ROBERT ZIMMERMAN, ESQ., Christiansted, St. Croix, V.I., *for defendant James*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This case is before the Court on defendant Richard James' Motion for Summary Judgment. The motion will be granted.

On February 14, 1977 plaintiff, Mahogany Associates, entered into a lease agreement as lessor for a portion of the premises located at 55-56 Company Street, Christiansted, St. Croix with Mahogany Inn Corporation as lessee. Defendants James Leblow and Richard James were named in the lease as guarantors. On July 19, 1977 Richard James sold out his interest in Mahogany Inn Corporation to James Leblow. To date, Mahogany Inn Corporation has never become a duly formed corporation. The original lease was assigned on December 6, 1979 to defendant Paragon Investors, Inc. A modification of the lease was signed on December 14, 1979 by the lessor and James Leblow for lessee, and reflected a 16% increase in the rental.

A lawsuit was filed on May 1, 1979 by David V. O'Brien in the Territorial Court of the Virgin Islands against plaintiff Mahogany Associates for breach of his lease arising from the activities of defendants in the courtyard area of the premises. Mahogany Associates filed a third-party complaint against James Leblow, Richard James and Mahogany Inn Corporation. The case was settled and O'Brien agreed to forego his claims for breach of the lease in return for a reduction of rent by 16%.

Defendant Richard James, a guarantor on the original lease, now claims that the assignment to a new lessee and the modification in the amount of rent constitute changes in the terms of the agreement which would discharge him from liability for the breach of which plaintiff here complains.

Section 128 of the Restatement of Security (1941) provides:

> Where, without the surety's consent, the principal and the creditor modify their contract otherwise than by extension of time of payment.

> (a) the surety, other than a compensated surety, is discharged unless the modification is of a sort that can only be beneficial to the surety. . . .

Defendant is not a compensated surety.[1] A modification of the agreement did take place, i.e., in the assignment of the lease and the increase in the rent. Richard James neither agreed to, nor later ratified, those changes. Plaintiff contends these are "beneficial" to defendant James thereby rendering him liable on the lease. The outcome here might well be different were it not for the fact that in 1977 James divested himself of all interest in this venture, except for his status as a surety on the lease.[2] Since, however, he was no longer part of the business it is difficult to see what benefit he could gain from the assignment and modification.[3] Instead, if the new principal defaulted, the amount owed by the guarantor would be greater. The substitution of one lessee for another and the modification of rent are changes sufficient to render the guarantor discharged from his liability under the February 14, 1977 lease. See St. Petersburg Bank & Trust Co. v. Boutin, 445 F.2d 1028, 1031 (5th Cir. 1971) (guarantor entitled to stand on strict terms of his undertaking). Accordingly, the Motion for Summary Judgment will be granted.

---

[1] A "compensated surety" is defined by the Restatement of Security § 82, Comment i (1941), as "a person who engages in the business of executing surety contracts for a compensation called a premium, which is determined by a computation of risks on an actuarial basis."

[2] If defendant were still a partner in this business a finding that these changes were beneficial would not be unwarranted. Additionally, even if he were discharged on a surety basis, he might still be liable as a corporate officer.

[3] Plaintiff contends the benefit arises from the fact that James was named as a third-party defendant in the O'Brien lawsuit and the increase in rent represented a part of the amicable settlement. There is no showing of a benefit to defendant who was no longer involved with Mahogany Inn Corporation and was never, according to the pleadings on file, involved with Paragon Investors, Inc.